WALTER BULLOCK, Appellee, v. FIRST NATIONAL BANK OF GALVA, Appellant.

**APPEAL AND ERROR:** Questions Reviewable—Finding by Court. A
1  finding by the trial court on conflicting but. supporting testimony is
conclusive on the appellate court.

**PRINCIPAL AND AGENT:** Authority of Agent—Cashier of Bank.
2  The cashier of a banking institution has authority to bind the bank
to an agreement that the bank will look solely to the maker of a
note for satisfaction, and not to the indorsers.

*Appeal from Ida District Court.*—E. G. ALBERT, Judge.

SEPTEMBER 28, 1923.

ACTION to recover on certificate of deposit issued by defendant bank. Defendant counterclaimed on a promissory note indorsed by plaintiff. Jury was waived, and the case tried to the court, and judgment rendered in favor of plaintiff. Defendant appeals.—*Affirmed.*

*Campbell & Campbell,* for appellant.

*Snell Bros.,* for appellee.

ARTHUR, J.—Plaintiff, Walter Bullock, was a partner in the firm of Bullock & Craig, engaged in operating a garage,

and in the sale of automobiles. Bullock & Craig sold to one Morris Conard an automobile, and Conard executed to Bullock & Craig his promissory note in payment for said automobile, in the sum of $1,450, due January 1, 1921. On the 9th day of January, 1920, the said note was sold and transferred to the defendant bank by Bullock & Craig, and indorsed to said bank "with recourse," by plaintiff, Walter Bullock, under the name of Bullock & Craig.

1. APPEAL AND ERROR: questions reviewable: finding by court.

On February 29, 1920, Morris Conard, maker of said note, died intestate, and one J. E. Baumgardner was appointed administrator of his estate, and qualified, and gave the required bond, and published notice of administration to creditors, as required by statute, which notice was complete on the 12th day of March, 1920. About the 1st of April, 1920, the administrator of the Conard estate offered to return to Bullock & Craig the car for which the note for $1,450 was given, if they would surrender to him the note given by Conard for the car. The car never had been used, and Bullock & Craig were willing to accept and comply with the offer of the administrator, provided that the bank to which they had sold the note was willing to and would return the note to them, on payment thereof, so that they might deliver said note over to the administrator, and receive return of the car.

Plaintiff, Bullock, at once informed the cashier of defendant bank of the offer of the administrator, and told said cashier that his partnership was willing to take up and pay said note and deliver said note to the administrator and receive the car back; but such arrangement was not consummated, and Bullock so informed the administrator. The administrator then took the car from the garage,—it had never been taken out of the garage and had never been used,—and sold the car as a part of the assets of the Conard estate.

On November 13, 1920, plaintiff deposited with defendant bank the sum of $2,500, and the bank issued to him a certificate of deposit therefor, payable either 6 or 12 months after date, with interest at 4 per cent at the end of 6 months, or 5 per cent if presented for payment at the end of 12 months. Afterwards, about the 2d day of July, 1921, when said certificate of deposit

became due and payable by its terms, it was presented for payment, and payment refused, and protest made, the cashier giving as reason for refusing payment of the certificate that the same had been paid by crediting the account of Bullock with the sum of $2,550, the amount of the certificate and interest thereon, and by charging against said account the amount due on the Conard note in the amount of $1,626.17; and that the bank had deposited to the credit of Bullock the balance, in the sum of $923.83, to be applied on the payment of said certificate of deposit. Whereupon, this action was begun, on the 27th day of July, 1921, to recover on said certificate. The bank interposed a counterclaim based on the Conard note indorsed to it by Bullock & Craig.

By way of affirmative defense to the counterclaim, plaintiff pleaded estoppel, based on the fact, as claimed by plaintiff, that the defendant bank, through its cashier and manager, had told the plaintiff that said note would be by the bank filed and established as a claim against the Conard estate, and that said defendant bank would look solely to said estate for the payment of said note; that the plaintiff, as a member of the partnership of Bullock & Craig, relied upon the statement made by said defendant bank, and, at the request of said defendant bank, refrained from taking any action themselves in filing a claim against said estate, based upon said note; that the defendant bank, in breach of its agreement, neglected and failed to file a claim against said Conard estate, based on said note, until the claim became barred as a claim of the third class; that said bank, after the time had expired for filing claims of the third class, filed a claim based on said note as a claim of the fourth class, but then failed to serve notice of the filing of such claim; and that said claim, on account of the breach of the agreement and the negligence of the defendant bank, became barred and uncollectible; that the estate of Conard was insolvent, and nothing will be paid on claims of the fourth class.

Plaintiff also alleged that defendant bank and its cashier, J. W. Marmet, were the owners of other claims against said Conard estate, which were properly filed by them as claims of the third class, and that they neglected and failed to file the Conard note which is the basis of the counterclaim, for the pur-

pose of defeating said claim, thereby increasing the assets available to the payment of claims properly filed in the third class; that, by reason of the negligence of the defendant bank and the specific promise of the defendant bank to relieve said partnership of Bullock & Craig, of which plaintiff is a member, from liability on said note, and to look to said estate for the payment thereof, plaintiff is not liable on said note, which is the basis of defendant's counterclaim.

The court found for plaintiff, and entered judgment for the amount of the certificate of deposit sued on, with interest, less $923.83, the amount which had been paid by the bank on said certificate, from which judgment, defendant appeals.

I.   There was conflict in the testimony as to the facts on which appellee bases his plea of estoppel.  Appellee, Bullock, testified, in substance, that he at once informed the cashier of appellant bank of the offer made by the administrator to take the automobile back, and have the note which had been given by his decedent surrendered; that J. W. Marmet, cashier and managing officer of the bank, advised him that said note was good, that the bank would keep the note and would file said note as a claim against the estate of Conard, and that the bank would look solely to the Conard estate for the payment of said note; that, thereupon, the partnership of Bullock & Craig, through Bullock, advised the administrator that they could not take back the car, and the administrator sold the car as a part of the assets of the Conard estate; that his firm relied on the statement and agreement made by Marmet, and for that reason did not take the car back, and did not file a claim against the Conard estate.  Craig was present, and heard the conversation between Marmet and Bullock, and his testimony as to the conversation is substantially the same as Bullock's.  Marmet testified:

"I don't think I ever promised them that I would look solely to the estate of Morris Conard for payment of the note. Did not make any promise like that, and I wouldn't, under the circumstances."

Cashier Marmet also testified that he spoke to the administrator several times in regard to said note; that the administrator said to him that the note and claim were all right, and that said claim for said note would be approved, and that he would

pay same when he sold sufficient property; and that he, as cashier of appellant bank, relied on said statement by the administrator, and did not file claim based on said note until the 17th day of February, 1921.

The court made finding of fact and law which we consider correct, and which it will be profitable to here set forth, as follows:

"This was originally an action on certificate of deposit issued by the defendant to the plaintiff for $2,500, drawing 4 per cent interest from November 13, 1920, on which there was paid the sums of $923.83. Under the evidence in the case, plaintiff is entitled to recover the balance due, with interest, unless it be by reason of the claims of the defendant hereinafter referred to.

"It appears that, on or about the 9th day of January, 1920, the plaintiff and one Craig were in partnership in the automobile business at Galva, Iowa; that on that day they sold to one Morris Conard an automobile, and received from said Conard therefor his promissory note for $1,450, due January 1, 1921; that, about the same date, this note was sold to the defendant bank, and was indorsed in blank by Bullock & Craig. A very short time after the date, Morris Conard died, and one Baumgardner was appointed administrator of his estate, and gave due notice to creditors. Shortly after this, cashier of the defendant bank was at the place of business of Bullock & Craig, and the aforesaid note was under discussion. The court finds that at that time the aforesaid cashier advised the firm that they need give no attention to said note or the filing of the same as a claim against the Conard estate, but that the bank would attend to that matter and collect the note from the estate. In pursuance of this conversation, the firm gave no further attention to said note until after the time for filing claims against the Conard estate had elapsed.

"The bank had several notes of its own which it filed in due time, so that they became and were paid as claims of the third class in said estate. The bank, however, failed to file the said note as a claim against the Conard estate until a few days before the year had lapsed for filing claims, when they filed the same, but failed to serve notice thereof.

"The Conard estate proved to be insolvent; but the evidence shows that, if this note had been filed with the other claims of the defendant bank, it would have been paid in full.

"The aforesaid certificate of deposit was presented to defendant's bank, and payment refused. The bank then credited to the individual account of the plaintiff on its books the said certificate of deposit, and charged him with this firm note. This, under the law, was wholly beyond the power of the bank, and it is held by the court to have been of no force or effect.

"The defendant, however, in this proceedings pleads the aforesaid note as a counterclaim to plaintiff's claim herein, by reason of partnership indorsement on the back of said note. The plaintiff, by way of reply, pleads an estoppel, and thus the real issue of the case is presented.

"It is primarily the law that the bank in this instance owe the plaintiff herein no affirmative duty in relation to said note: that is to say that, under the terms and waivers of the note, the bank would not have been compelled to protect the surety by filing the note in the Conard estate; but in this case, it is pled and proven that the cashier of the bank agreed with the indorsers on the note that they would so file said claim, and indorsers, relying thereon, failed to take care of the matter themselves, and by such failure have lost their opportunity to collect same from the Conard estate.

"The court is, therefore, of the opinion that the bank is precluded from now attempting to collect from the indorsers on the said note, and the note having been indorsed by the partnership, and by reason of this holding, the bank is estopped from collecting from the partnership. It necessarily follows that they are estopped from collecting from the individual members of that partnership. Hence it follows that the plaintiff is entitled to recover herein for the balance due on said certificate of deposit, with interest as therein provided, and the defendants are entitled to nothing on their counterclaim."

This is a law action. The rule is well settled (and citation of authorities is unnecessary) that, where a jury is waived and the case is tried to the court, as in the instant case, the findings of the trial court have the effect of a verdict of a jury, and, when based upon conflicting evidence, will not be disturbed by

the appellate court. The trial court found the facts alleged by appellee, upon which he based estoppel, to be as claimed by appellee, and under the rule, we will not disturb such.

II.   As found by the trial court, appellant bank agreed with the indorsers on the notes that it would look to the Conard estate for payment of said notes, and that it would file claim against said estate, and the indorsers, relying thereon, failed to file claim against said estate, and by such failure they lost their opportunity to collect from said estate, and by reason thereof, appellant bank is estopped from recovering on its counterclaim. *Security Sav. Bank v. Smith,* 144 Iowa 203.

III.   It is disclosed in the evidence that the conversation between the cashier of appellant bank and appellee, Bullock, upon which appellee bases his plea of estoppel, took place in the garage of Bullock & Craig. Counsel for appellant bank insist that the cashier, Marmet, did not have authority to bind the bank by the agreement claimed to have been made, if it was made, and especially that said officer could not bind appellant bank by an agreement such as is claimed by appellee and found by the trial court; because such agreement, if made, was made outside of appellant bank's place of business, being made in the place of business of Bullock & Craig. Such claim, that the officer of the bank lacked authority to bind the bank by such agreement because the agreement was made by him at a place outside of the bank, is without merit. We concur with the trial court, and hold that Marmet, as cashier of appellant bank, had authority to make the agreement on which appellee based estoppel, and that the bank was bound by such agreement. This holding has ample support in *Security Sav. Bank v. Smith,* supra.

2. PRINCIPAL AND AGENT: authority of agent: cashier of bank.

Other questions argued, in view of our holding on the issue of estoppel pleaded by appellee, need not be discussed.

The judgment of the trial court is—*Affirmed.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.