**BETHKE et al. v. GRAYBURG OIL CO.** *
No. 7996.

Circuit Court of Appeals, Fifth Circuit.
April 19, 1937.

ʳRehearing denied May 28, 1937.

Robt. E. Cofer and John D. Cofer, both of Austin, Tex., for appellants.

Ike S. Kampmann, of San Antonio, Tex., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

On March 21, 1933, receivers were appointed by the United States District Court for the Western District of Texas for Grayburg Oil Company, on a bill to foreclose a mortgage and deed of trust, securing an issue of bonds, aggregating $1,875,000. The bill alleged that Grayburg Oil Company was solvent, but was in danger of being rendered insolvent owing to depressed business conditions and the fact that persons holding claims aggregating $545,000 were pressing for payment. The receiver was authorized by the court to disaffirm eight leases of property in San Antonio and nine leases of property in other parts of Texas. One of these leases was executed by E. O. Bethke and his wife, Lela Mae Bethke, appellants herein, covering property used as a retail oil station in the town of San Marco, the lease running for ten years from September 15, 1930, at a monthly rental of $100. An order was entered requiring all persons having claims against the estate to file them on or before a fixed date. Appellants filed what they termed "proof of claim." It was signed and sworn to by both of them and presented a claim against Grayburg Oil Company, as follows: For unpaid rentals aggregating, with 6 per cent. interest, $432.-93; for $3,900, a difference in rent to accrue under the lease and the rent to be received from a substituted tenant, under a five-year lease; and for $2,800, rent that would accrue under the lease for the balance of the term, a total of $7,123.93. The claim, together with some 300 other claims, was referred to a master. The receivers filed a written contest of the claim before the master. Appellants appeared before the master by counsel and offered proof of the claim, E. O. Bethke testifying. The master allowed the claim to the amount of $5,843.-93, as an ordinary debt, without priority or lien. The report of the master, without objection by appellants, was approved by the court. Thereafter the receivers were authorized by the court to settle the claims of creditors who agreed to accept one-third of the face amount of their claims in full settlement. Appellants accepted. A check dated July 23, 1934, for $1,947.98, to the order of E. O. Bethke, was issued by the receivers with this statement on it: "Endorsement of this check is acknowledged by payee of full settlement of all claims of payee against Grayburg Oil Co." E. O. Bethke indorsed the check and it was paid. On August 10, 1934, the receivers filed a final account, showing that they had settled, with two exceptions not material here, the claims of nonsecured creditors, 106 in number, which included appellants, aggregating $81,773.94, for one-third of the amounts, a total of $24,296.36. On August 15, 1934, the final account of the receivers was approved and they were discharged. Mrs. Bethke was present in court with her attorney at this time and he stated he had no objection to the discharge of the receivers. No appeal was taken from the judgment.

After the termination of the receivership proceedings, appellants filed suit in the District Court of Hays county, Tex., against Grayburg Oil Company, to recover $12,000 rent under the lease, due and to accrue, less credits of $5,047.98, which included the check from the receivers in settlement of the claim filed in the receivership proceedings.

On June 24, 1935, Grayburg Oil Company filed a bill in the receivership proceedings in the federal court against appellants and their counsel of record, praying for interlocutory and final injunctions to restrain them from prosecuting the suit in the state court. Appellants moved to dismiss the ancillary bill for want of equity, mainly on the ground that plaintiff had a defense at law in the state court. They also filed an answer and a cross-bill, praying for the same relief as was sought in the state court, and asked that the cross-bill be transferred to the law side. This appeal is from a judgment awarding a final injunction against appellants as prayed for. No relief was granted against their counsel.

■ The main contention of appellants is that, as the suit in the state court was in personam and did not involve any lien on property under the dominion of the federal court, that court was without jurisdiction to enjoin them from prosecuting it.

In Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 81, 67 L.Ed. 226, 24 A.L.R. 1077, relied upon by appellants, the rule is clearly stated, as follows:

"Section 265 of the Judicial Code [28 U.S.C.A. § 379] provides: 'The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy.' But this section is to be construed in connection with section 262 [28 U.S.C.A § 377] which authorizes the United States courts 'to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions and agreeable to the usages and principles of law.' See Julian v. Central Trust Co., 193 U.S. 93, 112, 24 S.Ct. 399, 48 L.Ed. 629; Lanning v. Osborne (C.C.) 79 F. 657, 662. It is settled that where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court."

In the Kline Case, supra, on the facts shown, the federal court was held to be without jurisdiction to issue an injunction to stay proceedings in a state court. But in that case it appeared both suits were only in personam and were pending and undecided when the injunction issued out of the federal court. Of course, both courts had the right to proceed with the cases before them without interference. In the case at bar, the situation is different. Here the case in the federal court had terminated in a final judgment. The suit in the state court was begun thereafter, for the purpose of relitigating issues finally adjudicated in the federal court. The decision is not controlling. It is unnecessary to review other authorities cited by appellants on this point as they are merely cumulative.

The jurisdiction of federal courts to enjoin parties to suits in state courts has been successfully invoked in a number of cases where the jurisdiction of both courts was only in personam. See Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L.Ed. 205, and Simon v. So. Ry. Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492. These cases fully discuss the authorities.

In Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195, the case was this. Hunt had secured a discharge in bankruptcy. Thereafter the loan company brought a suit in a municipal court in Chicago against Hunt's employer to recover, on an assignment of salary, amounts accruing to Hunt after his discharge in bankruptcy. Hunt filed a bill in the bankruptcy court and obtained an injunction against further prosecution of the suit in the municipal court. The Supreme Court held that the bankruptcy court had ancillary jurisdiction in equity to protect its decree discharging Hunt and that the injunction properly issued. It was pointed out that, notwithstanding the state court had jurisdiction and Hunt could have intervened and urged his discharge in defense of the action, an adverse decision would have put Hunt to the necessity of taking repeated appeals and deprived him of an adequate remedy at law. In considering the case as authority in this case, it is immaterial that the original jurisdiction of the federal court was in bankruptcy. Those proceedings had terminated and the ancillary bill did not come under any provision of the bankruptcy law.

In Re Georgia Power Co. (Georgia Power Co. v. Tennessee Valley Authority), 89 F.(2d) 218 (C.C.A.) decided March 17, 1937, it appeared a suit was pending in a federal court in Georgia between the parties above named and that court had declined to enter an interlocutory injunction on the application of the power company. We held the power company could properly be restrained from taking advantage of an interlocutory injunction obtained from a federal court in Tennessee, issued in a suit filed after jurisdiction in the Georgia court had attached.

The above cases demonstrate that in a proper case federal courts have jurisdiction to enjoin parties to a suit in a state court even where the jurisdiction of both courts is only in personam. We consider the District Court had ancillary jurisdiction to issue the injunction in this case.

Appellants contend the receivership was in fraud of creditors, not intended to wind up the corporation and they were induced to file their claim in the belief that if they did not do so they would receive nothing; that they did not intervene in the receivership proceedings, were not parties to it, and are not bound by any judgments entered therein.

No question was raised as to the validity of the receivership in those proceedings. The proof of claim filed by appellants was equivalent to an intervention. In the proceeding before the master in which the claim was allowed, it was litigated contradictorily with the receivers who for that purpose represented Grayburg Oil Company. The ruling on the claim by the master, later affirmed by the court, amounted to a final judgment between the parties. The compromise was in good faith and was approved by the court. The discharge of the receivers and the return of the property to the corporation was not objected to nor appealed from. Appellants were parties and are bound by the receivership proceedings. They cannot now complain in that respect. Fagan & Osgood v. Boyle Ice Machine Co., 65 Tex. 324; Hatch v. Morosco Holding Co. (C.C.A.) 19 F.(2d) 766; Slaughter v. C. C. Slaughter Co. (C.C.A.) 48 F.(2d) 210.

Mrs. Bethke contends on her own behalf that the realty leased to Grayburg Oil Company was her separate property and that she was not bound by the acts of her husband in connection with the claim. The contention is frivolous. It is apparent from the record that she personally participated in urging the claim and received the benefit of the payment made on it.

There is no doubt that the district court was justified in issuing the injunction in aid of its jurisdiction and to protect the rights of the Grayburg Oil Company secured by the judgments in the receivership proceedings. An adverse decision by the state court would put appellee to great trouble and expense and deprive it of the benefit of the judgment obtained in the federal court. Furthermore, it may be presumed that if appellants were permitted to relitigate in a state court the issues that were finally decided in the federal court, other creditors to a large number would be encouraged to do the same. There must be an end to litigation.

It would have been wrong for the District Court to have entertained the cross-bill or to have transferred the case to the law side.

The record presents no reversible error. The judgment is affirmed.