ALICE M. HEINZ, Successor-Trustee, Appellant, v. DAVENPORT BANK & TRUST COMPANY, Executor, Appellee.

No. 45328.

JUNE 17, 1941.

REHEARING DENIED SEPTEMBER 26, 1941.

Waldo M. Wissler and D. C. Nolan, for appellant.

Roddewig & Hutchinson, Albert W. Hamann, and Lane & Waterman, for appellee.

HALE, C. J.—On February 27, 1939, appellant filed a claim against the estate of Peter N. Jacobsen, deceased, a surety on the bond of the former trustee of the estate of Minnie Heinz, who died testate January 4, 1926. The Minnie Heinz will was admitted to probate and the American Trust Company of Davenport appointed executor and trustee. The will gave general authority to the trustee to have as complete power to manage and control the property as the testatrix would have if living, and to execute all necessary instruments, provided for the distribution of the income and the principal, and the trust was to continue for ten years. The trustee gave a bond on which Peter N. Jacobsen, appellee's decedent, was a surety. On December 28, 1932, a receiver was appointed for the American Trust Company of Davenport. An order prescribing the time for filing claims against the receiver was entered in the receivership proceedings, and notice, prescribed by the court, was given by publication. Later time for filing claims was extended. Alice M. Heinz was appointed and qualified as successor-trustee on April 5, 1933. On May 23, 1933, she filed an application in the receivership proceedings, requesting delivery of certain personal assets; requesting execution by the receiver of conveyances of real estate belonging to the trust, and demanding payment of $29.85 collected by the receiver; alleging that the American Trust Company had not accounted for money in the sum of $621.27, admitting that the trust company was entitled to a fee of $50, and asking for general equitable relief. Such application was heard by the district court and an order entered for the delivery of the property, the execution of the conveyances, the payment of $29.85, and the allowance of the claim in the sum of $521.27. The difference between the amount al-

548

lowed and the amount claimed was $100, which was allowed as a trustee's fee to the trust company. No exception was taken, nor was there any appeal from the order. Later, in 1935, the superintendent of banking, acting as receiver of the American Trust Company, filed his report on the classification, collection, rejection, and allowance of claims, preferences, and set-offs, which included the claim of Alice M. Heinz as successor-trustee of $712, less the fee claimed by the trust company of $100. Objections were filed by the appellant as successor-trustee, and on hearing the objections of appellant were overruled. To this order of the court there was no exception and no appeal was taken. The amount, less the trustee's fee, was later paid to appellant in instalments, the last of which was on April 14, 1939, for which appellant receipted, acknowledging receipt of the final dividend in full payment thereof. On July 6, 1939, the receiver of the American Trust Company filed his twenty-fifth and final report as to all fiduciary claims, stating that he had paid all trust claims in full and had liquidated, sold, and transferred all assets of the trust except about $1,713.44 to the holders of certain debentures, and that all other claims were allowed and paid or finally disallowed, and that the time for filing claims had long since expired. The receiver's report was approved by the district court July 18, 1939, the court specifically finding as stated by the receiver in his report. The remaining assets of the receivership were finally sold and distributed to the debenture-holders.

.On February 27, 1939, the petition, or claim in this action, was filed by the appellant against the estate of Peter N. Jacobsen, setting out the facts as to the will of Minnie Heinz, the appointment of the American Trust Company as executor and trustee, the appointment of receiver; alleging that the trust company had failed to realize on certain shares of bank and trust company stock until it had become worthless, and that thereby the Minnie Heinz estate was compelled to pay stock assessments; the illegal investment by the former trustee, the American Trust Company, in certain mortgages which were not proper securities; and claiming damages in the sum of $65,538.72, with interest. By amendment to this claim or petition, filed October 20, 1939, the appellant alleges that by increase in the capital stock

of the original trustee, and by mergers, the retention of the investment of funds in the estate in said shares of stock, and lack of diligence in disposing of same, the estate was damaged. The amendment to the claim recites and sets out at length various loans secured by mortgages, which it is claimed were illegal, and alleges that such company, by its negligence and lack of diligence, failed to collect the amount due on certain mortgages, and asks damages as aforesaid. On November 14, 1939, appellee filed an answer in five counts, the fifth of which was a general denial.

Count 1 of such answer sets out the facts as to the order and hearing as heretofore stated; that none of the purported claims asserted against the appellee arose after May 23, 1933; alleges a merger of all claims which claimant could have asserted against the executor in the claim actually filed and allowed; that such claimant could not split her total claim, and that any part not covered by the claim as filed could not thereafter be asserted against the American Trust Company or against any surety on its bond, and that the filing and allowing of appellant's claim constituted a final accounting and a waiver of any and all other claims appellant had or might claim against the predecessor-trustee, and that it was res adjudicata.

Count 2 of the answer sets up the defense of estoppel; alleges that appellant made no further claim against the American Trust Company until after the time for filing claims against the receiver had expired; that all claimants possessing and filing fiduciary claims have been paid in full, as shown by the order on the receiver's twenty-fifth report, to which order no exceptions or appeal were taken; alleges that the remaining assets of such receivership were disposed of and distributed under order of court and at the time of filing the present claim no assets remained in the receivership; that the sureties possessed no right of indemnity on the bond of the American Trust Company; that the appellant by her action in filing her claim and securing its allowance and having had an accounting with the principal on the bond and making settlement with the receiver, led the sureties on the bond to believe that she asserted no other claim against either the principal or sureties, who were gratuitous sureties, and that, relying on such accounting and adjudication and believing that the claimant had no claims against the American

Trust Company, they did not take and are not now capable of taking any further steps to protect their rights, and would now have no recourse against the assets of the receivership of the American Trust Company, which assets would have been sufficient to pay the claim in full, and that therefore such sureties are discharged and released and the successor-trustee (appellant herein) is estopped to assert any claim against such sureties.

Count 3 of the answer sets up that, except as alleged in count 1, there has been no settlement of the trustee's accounts, and that if the matters and things alleged in count 1 do not constitute such settlement of said accounts, no action is maintainable against the sureties on the bond until a breach is established through a settlement of such accounts.

Count 4 alleges that the investments and reinvestments by the trustee were authorized by the will and constitute no cause of action on the bond against either the principal or sureties.

To this answer of the appellee appellant filed demurrer in four divisions to the various counts, alleging as to each that it did not constitute a defense and was immaterial and irrelevant.

The first division of the demurrer assails count 1 of the answer, for the reasons: That the application of the claimant shows that it was only an application for an order directing the receiver to convey title to real estate and deliver possession of personal property and was not a claim for an accounting or for damages; that the order of May 23, 1933, was no defense, that it only directed the receiver to turn over property, and that there were no issues other than the custody and possession of personal property and evidence of title to real estate; that the direction by the court to turn over and deliver assets did not waive or discharge the affirmative statutory duty of the former trustee and did not adjudicate any obligation or duty to account for all assets; that the allegations as to the report of the receiver and objections are immaterial and irrelevant for the reason that the report did not constitute a full and complete accounting but reported only the net cash balance in the hands of the former trustee, and did not discharge the duty of the trustee to account; and that the receiver of the American Trust Company did not and could not account for the trust property but could only conserve and distribute the tangible assets of the

trust company and had no power or authority to discharge the affirmative duty of accounting for the trust property; that the order of the court on the objection of Alice M. Heinz did not determine or adjudicate any right or cause of action herein, determining only the net cash balance held by the American Trust Company belonging to the estate; that the duty on the part of the sureties on the bond to account still remains and that the payment of the claim of appellant did not discharge their duty to account. The demurrer further sets out as to count 1 of the answer the matters alleged therein was not a splitting of any cause of action, but that it was only a claim for the turning over of assets, separate and distinct from any action for full and complete accounting.

Division II of the demurrer assails count 2 of appellee's answer as not constituting any defense; that the order approving the twenty-fifth report was a mere ex parte order and determined no claim of the beneficiaries under the will against the American Trust Company or its sureties for a full accounting of the property and assets of the trust estate, and that the allegation of the appellee in its answer as to loss of any right of indemnity is no defense for the reason that any such right of indemnity would be but a mere general claim against the insolvent American Trust Company, and that nothing in the answer shows that the sureties would be barred or prevented from asserting any such general claim, if any they had; the demurrer further assails the allegations of count 2 of the answer that the appellant is estopped, for the reason that said sureties, by the execution of the trustee's bond, undertook and agreed to make a full and complete accounting, and until such accounting has been made and approved the sureties' undertaking and obligation existed, and still exists.

Division III of the demurrer assails count 3 of appellee's answer as not constituting a defense, for the reason that the appellant may bring an equitable action for an accounting or may proceed in an action at law for damages against the sureties on the trustee's bond.

Division IV assails count 4 of the answer, which refers to unauthorized investments and retention by the trustee.

On March 7, 1940, the court entered an order overruling

generally the demurrer as to each of the four divisions thereof, to which appellant excepted; and thereafter, on April 5, 1940, appellant filed an election to stand on the demurrer solely as to counts 1, 2, and 3 of the answer filed by the Davenport Bank & Trust Company as executor of the estate of Peter N. Jacobsen, whereupon the court dismissed the claim and petition of the appellant and entered judgment against the claimant for costs. From this order of the court overruling appellant's petition as to grounds 1, 2, and 3 thereof, and for dismissal and judgment, the claimant appeals.

The contention of the appellant, as summarized at the conclusion of the arguments, may be briefly stated as follows: The appellant contends, first, that the present claim against the estate of Peter N. Jacobsen is not barred by the rules of res adjudicata, nor by the rules which prohibit the splitting of a cause of action; and, second, it is not barred by any rule of estoppel because of the claimed inaction on the part of the claimant or the obligees of the sureties' bond, and that the proper procedure for enforcing claimant's rights has been followed.

The principal question in the controversy is whether or not the present claim of this successor-trustee against the estate of Peter N. Jacobsen is concluded by the application which she once filed against the receiver of the American Trust Company, the unappealed order thereon, and her subsequent failure to take any steps in the matter until after the approval of the final report and the distribution of the assets. In support of its position the appellee states that by the presentation of a claim in receivership proceedings a creditor submits himself to the jurisdiction of the court and must take notice of and is bound by subsequent proceedings relative thereto, and the allowance or disallowance of such claim, from which no appeal is taken, constitutes a final legal adjudication, having the force and effect of a judgment. This is the general rule and it is supported by cases cited by appellee. Henderson v. Farmers Sav. Bank, 199 Iowa 1156, 200 N. W. 581; Schubert v. Andrew, 205 Iowa 353, 218 N. W. 78; Hatch v. Morosco Holding Co., Inc., 19 F. 2d 766; Bethke v. Grayburg Oil Co., 89 F. 2d 536; 53 C. J. 238, 241; In re Estate of Kinnan, 218 Iowa 572, 255 N. W.

632; Mitchell v. Mayo, 16 Ill. 83; Gibson v. Hale, 57 Tex. 405; Jameson v. Barber, 56 Wis. 630, 14 N. W. 859; United States v. Paisley, 26 F. Supp. 237; Gooldy v. Lavender, 223 Mo. App. 354, 16 S. W. 2d 681; In re Warrin, 56 App. Div. 414, 67 N. Y. S. 763.

To this appellant replies that the first order applied only to the net cash balance and was final only as to the right of possession of the tangible assets in the trust estate and did not determine or adjudicate the duty of the American Trust Company or its sureties to account for all the property of the trust estate; and that it was only a depositor's claim and losses through mismanagement of the estate could not be determined until the successor-trustee had possession of the tangible assets of the estate and had made an investigation of their value and collectibility. These conflicting claims we think are disposed of by what we have later to say on the question of estoppel.

The appellee contends that the surety is bound by any judgment against his principal, and this general proposition is conceded by appellant, who insists, however, that the allowance of the claim first filed by the successor-trustee did not apply to anything other than the moneys actually collected by the trust company; and, as a corollary to its position, appellee's third proposition is that the creditor is bound by the adjudication of a claim against the principal. Appellee cites United States v. Allsbury, 71 U. S. 186, 18 L. Ed. 321; In re Estate of Carpenter, 210 Iowa 553, 231 N. W. 376; Stevens v. Carroll, 131 Iowa 170, 105 N. W. 653, and cases cited; Ames v. Maclay, 14 Iowa 281; Stevens v. Shafer, 48 Wis. 54, 3 N. W. 835, 33 Am. Rep. 793; Maine Cent. R. Co. v. National Surety Co., 113 Me. 465, 94 A. 929, L. R. A. 1916A, 881.

This general proposition is not seriously disputed by the appellant, who urges that it does not apply here, giving as reason therefor that the filing of the claim for the fund on hand and for the transfer of the real estate, did not pertain to the duty of the principal and surety to fully account for all the trust property which came into the trust company's hands, and that this question had never been in litigation until the present claim was made. In this we are disposed to disagree with the appellant. That the ruling on the prior claim was conclusive

as to some questions cannot be doubted. It is true that the successor-trustee had been in office but a short time. As argued, there may have been scarcely time enough to examine into the full liability of the former trustee. But so far as the surety and principal were concerned, the claim stood unamended for a long period of time. This question also we think is determined by the question of estoppel, and, as later indicated, we do not feel that we can hold with the appellant on this proposition.

■ Appellee's further statement in support of the ruling of the district court is that the creditor is under a definite affirmative duty to do no act which would prejudice the rights of his surety or deprive the surety of any right of recoupment which the surety might possess, or change the creditor's position to the prejudice of the surety. By compromising his claim against the principal, the creditor releases the surety, and any contract or course of action preventing any further claim by the creditor against the principal, or preventing any recoupment by the surety against the principal, prevents any further claim by the creditor against the surety. As to these propositions we are inclined to the view that appellee is right. Under the general proposition, not only that a demurrer admits the truth of the matter pleaded but that it also confesses conclusions of fact logically stemming from a recitation of facts, see Benton v. Morningside College, 202 Iowa 15, 21, 209 N. W. 516, 519.

We here set out part of count 2 of appellee's answer in full. After pleading the facts, it states:

"* * * that by filing her claim against the Receiver of American Trust Company of Davenport, Iowa, as aforesaid, and securing the allowance thereof, and having thus had an accounting with the principal in the bond sued upon, and making settlement with the Receiver of said American Trust Company of Davenport, Iowa, thereunder, claimant led the sureties on the aforesaid bond to believe that she asserted no other claim against their principal and said sureties; that said sureties were gratuitous sureties only and received no compensation for executing said bond; that said sureties on said bond, relying on said accounting and the adjudication thereon and believing that claimant had no claims against said American Trust Company of Davenport, Iowa, other than the claim filed and allowed in said

receivership proceedings, did not take and are now incapable of taking any further steps therein to protect their rights; that if the said claim is now allowed in these proceedings, this estate would have no recourse against the assets of the receivership of said American Trust Company of Davenport, Iowa, which would have been sufficient to pay this claim in full, and that, by reason of all of the foregoing, the sureties on said bond were discharged and released and the said Alice M. Heinz, Successor Trustee, should not now be permitted, and is estopped, to assert any claim against the said sureties or their personal representatives.''

That a creditor may not compromise his claim against the principal and hold the surety is true. State ex rel. Gibson v. American Bonding & Casualty Co., 213 Iowa 211, 238 N. W. 709. And a settlement would have the same effect. It has also been held that if the surety is foreclosed from filing the claim, either because of some act of the creditor which deprives the surety of that right, or of representations by the creditor on which the surety relied, the surety will be released. In support of this proposition appellee cites, In re Estate of Carpenter, supra; Security Savings Bank v. Smith, 144 Iowa 203, 122 N. W. 825; Bullock v. First Nat. Bank, 196 Iowa 522, 194 N. W. 930; Chambers v. Cochran and Brock, 18 Iowa 159.

It will be remembered that soon after her appointment as successor-trustee the appellant filed the claim asking for the delivery of moneys and the transfer of real estate, with other things. This was allowed by the court except as to the question of trustee's fees, and thereafter, during the whole progress of the receivership, no amended claim, or any attempt of any kind was made to recover for mismanagement of the trust until the filing of this claim. The amount allowed by the court on the 1933 claim was paid in instalments, for all of which appellant receipted; and this was the situation until the filing of this claim. The receiver on July 6, 1939, filed his twenty-fifth report, being a final report as to certain matters, which showed the disposal of all property held by the American Trust Company in any fiduciary capacity, and all proceeds of any such property except as to one small trust fund not connected herewith. This report was approved by the court July 18, 1939, without objection on the part of appellant, and no appeal was taken from

such order of approval. Thus, from May 23, 1933, until the filing of claim herein, notwithstanding that the order of court approving the report of the receiver on classification, correction, allowance, or rejection of claims, was not filed until the 28th of August, 1935, between which time of filing the claim and the allowance thereof there was ample time for appellant to have amended or corrected her claim, there was no objection to such classification report except a letter of the appellant objecting to the allowance of $100 as trustee's fees instead of the $50 which she had previously indicated would be acceptable. Thereafter no protest was made and the final report was approved without objection on appeal. All this is pleaded in the answer. We cannot think that these matters so alleged in said count 2 are immaterial. A surety should be entitled to expect at least ordinary diligence in the filing of claims by a creditor, and would have a right to rely on the fact that the creditor, having once pleaded and been allowed the indebtedness of the surety's principal and having acquiesced in all matters pertaining to said indebtedness, such surety could not be expected or required to take steps which the record showed unnecessary in protecting himself from liability on a further claim which he had no reason to believe existed. As pleaded, the action, or inaction, of the successor-trustee in the matter prevented this recoupment by the surety.

Our opinion is that the defense of estoppel as pleaded by the appellee is well grounded; that the allowance of the claim, under the pleaded facts of this case and so far as the surety is concerned, was an adjudication of all the indebtedness apparently owing by the trustee to the successor-trustee; and that under such facts as pleaded, to permit the appellant at this time to file an additional claim would be a violation of the rule prohibiting the splitting of causes.

Other matters are argued by both parties to the appeal. Holding as we do as to the matters above set out, we find it unnecessary to discuss them. Our view is that the court was right in overruling the demurrer to the answer and such ruling is hereby affirmed.—Affirmed.

SAGER, MILLER, WENNERSTRUM, GARFIELD, and OLIVER, JJ., concur.