## AMERICAN BRAKE SHOE & FOUNDRY CO. v. INTERBOROUGH RAPID TRANSIT CO.
### Appeal of SALOMON.
#### No. 283.

Circuit Court of Appeals, Second Circuit.

June 2, 1943.

682

Robert C. Birkhahn, of Lawrence, N. Y., for appellant.

Thomas D. Thacher, Corp. Counsel, of New York City (Leo Brown and Albert S. Hartman, both of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

On June 1, 1942, the appellant brought an action against the City in the Supreme Court of New York County to recover $21,840 as rental dividends alleged to have accrued between October 1, 1932, and April 1, 1942, inclusive, on 320 shares of Manhattan 7% guaranteed stock owned by him. His claim against the City was based on the theory that in acquiring the Interborough properties in 1940 the City succeeded to and assumed the obligations of Interborough with respect to the Manhattan stock. After answering the complaint in the state court, the City filed its petition in the court below to obtain an injunction against further prosecution of the state court action. The petition alleged that the issues raised by the action have been heard and adjudicated by this court in these proceedings, and by various decrees and orders which are binding on Salomon this court has permanently enjoined the bringing of actions against the City for the relief demanded in his action. The petition was opposed on the ground that the City has an adequate remedy at law by pleading res judicata and that section 265 of the Judicial Code, 28 U.S.C.A. § 379, prohibits the granting of injunctive relief.

It is unnecessary to review again the various decrees in the receivership and related foreclosure proceedings by which the claims of the guaranteed stockholders of Manhattan were extinguished and they were enjoined from prosecuting such claims. See American Brake Shoe & F. Co. v. Interborough R. T. Co., 2 Cir., 122 F.2d 454, certiorari denied Manheim v. Merle-Smith, 315 U.S. 801, 62 S.Ct. 625, 86 L.Ed. 1201. The appellant argues that in granting the injunction the Court disregarded the prohibition of section 265 of the Judicial Code as interpreted by the Supreme Court in Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967. We do not so read that opinion. Mr. Justice Frankfurter clearly recognized at page 139 of 314 U.S., 62 S.Ct. at page 147, 86 L.Ed. 100, 137 A.L.R. 967, that "one 'exception' has been imbedded in § 265 by judicial construction, to wit, the res cases." In such cases the federal court acts in aid of its own jurisdiction. To render effectual its prior decrees and to protect the title of one who has purchased under them, it may notwithstanding § 265 restrain state court litigation which would have the effect of defeating or impairing its jurisdiction. Julian v. Central Trust Co., 193 U.S. 93, 24 S.Ct. 399, 48 L.Ed. 629; Riverdale Cotton Mills v. Alabama & G. Mfg. Co., 198 U.S. 188, 25 S.Ct. 629, 49 L.Ed. 1008; Bethke v. Grayburg Oil Co., 5 Cir., 89 F.2d 536, certiorari denied 302 U.S. 730, 58 S.Ct. 54, 82 L.Ed. 564. We have already recognized that this principle "continues with vigor unimpaired by anything said in the recent pronouncement" in the Toucey case. In re Ambassador Hotel Corporation, 2 Cir., 124 F.2d 435, 436. We adhere to that view.

Order affirmed.