CROSS, Judge.
Appellants, the Estate of Frank W. Stud-still, The Studstill Co. and Hazel Studstill, appeal a final judgment entered in favor of claimants, Mead Containers, Inc., and B. D. Cole, Inc., in a receivership action wherein it was determined that Mead Containers, Inc., and B. D. Cole, Inc., were entitled to a preference or priority for payment as creditors.
This action arose upon the filing of a complaint on October 27, 1964, by the American Package Company, Corbett Package Company and the Kilgore Seed Company, creditors of Frank W. Studstill Co., Inc., Wauchula Packing Co., and Stud-still Farms, Inc. The complaint was filed pursuant to Section 608.29, F.S.1953, F.S. A., and prayed that a receiver be appointed under the provisions of the aforementioned statute.
On October 28, 1964, a receiver was appointed. The order appointing the receiver provided that after payment of all allowances, expenses and costs and the satisfaction of secured claims and liens upon the property and the funds of the corporation to the extent of their lawful priority, that the receiver was to pay the other debts due from the corporation if the funds in his hands shall be sufficient therefor, and if not, to, distribute the same ratably among all the creditors who shall prove their debts in such manner as provided by order or decree of the court for that purpose.
The claimant, Mead Containers, Inc., filed its proof of claim on May 21, 1965, and as a part of its claim prayed for a first lien because of a final judgment recorded on November 17, 1964.
On November 16, 1966, the court entered its order approving and directing payment of the claim of Mead Containers, Inc., together with interest thereon. The court determined that the claimant, Mead Containers, Inc., by virtue of its judgment had valid and subsisting lien on the property of Frank W. Studstill Company, Inc., and was entitled to a priority of claim over the general creditors.
On October 21, 1965, B. D. Cole, Inc., filed its amended claim and asked for a priority based on a final judgment recorded October 14, 1965. On August 11, 1967, the court entered its decree determining that the claimant, B. D. Cole, Inc., was entitled to a preference of priority over the general creditors based on the final judgment entered against Studstill Farms, Inc., in a suit filed prior to the appointment of the receiver.
On October 18, 1967, the court entered its final judgment affirming and adjudging that the claim of Mead Containers, Inc., against Frank W. Studstill Company, Inc., and the claim of B. D. Cole, Inc., against the Studstill Farms, Inc., were entitled to preference over the other general creditors, and directing the receiver to pay the claimants, Mead Containers, Inc., and *771 B. D. Cole, Inc., for the full amount of their claims. This appeal follows.
 The general rule is that a claimant in receivership proceedings submits himself to the jurisdiction of the court and must take notice of and is bound by subsequent proceedings relative thereto. The allowance or disallowance of claims from which no appeal is taken constitutes a final legal adjudication having the force and effect of a judgment. Hatch v. Morosco Holding Co., Inc., 2 Cir. 1927, 19 F. 2d 766; Bethke v. Grayburg Oil Co., 5 Cir. 1937, 89 F.2d 536; Heinz v. Davenport Bank & Trust Co., 1941, 230 Iowa 546, 298 N.W. 785; Henderson v. Farmers’ Savings Bank of Harper, 1924, 199 Iowa 1156, 200 N.W. 581; In re Estate of Kinnan, 1934, 218 Iowa 572, 255 N.W. 632; Gooldy v. Lavender, 1929, 233 Mo.App. 354, 16 S.W.2d 681; Clark on Receivers, 1148 (3d ed. 1959); 75 C.J.S. Receivers § 280.
Prior to this appeal from the final judgment dated October 18, 1967, the record reveals that the court entered its orders dated November 16, 1966, and August 11, 1967, wherein it approved and directed payment of the claims of Mead Containers, Inc., and B. D. Cole, Inc., respectively, determining that these creditors were entitled to priority of claim over the general creditors.
This court takes judicial notice that no appeal was taken from these orders within the time allotted by the Florida Appellate Rules. In re Estate of Lindsay, Fla.App.1968, 207 So.2d 736; Tower Credit Corporation v. State, by Dickinson, Fla. App.1966, 183 So.2d 255; McNish v. State, 1904, 47 Fla. 69, 36 So. 176. The orders not appealed from, having the force and effect of judgments, ended the jurisdiction of the court over the claims of Mead Containers, Inc., and B. D. Cole, Inc., with the exception of compelling payment thereof as the court did in its final judgment dated October 18, 1967.
It follows that whatever disposition would be taken by this court in disposing of the final judgment appealed would in no way offset or disturb the final orders alluded to above. Thus the appellants having failed to appeal the orders dated November 16, 1966, and August 11, 1967, renders moot the appeal from the final judgment.
Accordingly, since no useful purpose can be attained by reviewing the judgment of .October 18, 1967, the appeal is dismissed. In re Estate of Lindsay, supra.
Appeal dismissed.
REED and OWEN, JJ., concur.