423 A.2d 1042

COUNTY OF LACKAWANNA, Appellant

v.

Thomas F. PATTON and Ralph Tyler, Jr., Trustees of the Property of Erie Lackawanna Railway Co.; John J. Weidner and Robert Romich.

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Dec. 19, 1980.

James J. Ligi, County Sol., Scranton, for appellant.

Ronald M. Bugaj, Honesdale, for appellees.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

STRANAHAN, Judge:

This matter is an appeal from an order of the Court of Common Pleas of Lackawanna County dismissing the appellant's complaint for lack of subject matter jurisdiction. We affirm the lower court's ruling.

To properly evaluate this appeal, the following facts must be considered.

On June 26, 1972, the Erie Lackawanna Railway Company (hereinafter Erie Lackawanna), filed a petition in The United States District Court for The Northern District of Ohio, Eastern Division (hereinafter Reorganization Court), for reorganization under section 77 of The Bankruptcy Act.[1] On the same day, the Reorganization Court issued Order No. 1 in that matter. That order consisted of two parts. The first part was the reorganization court's approval of Erie Lacka-

---

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

1. 11 U.S.C.A. § 205.

wanna's petition. The second part was an order restraining or enjoining all persons from commencing or continuing any proceeding against Erie Lackawanna and/or the property of Erie Lackawanna. That part of Order No. 1 was merely a restatement of the exclusive jurisdiction given to a reorganization court over a bankrupt railroad and its property by section 77(a) of The Bankruptcy Act.

On July 31, 1972, appellees Patton and Tyler, (hereinafter Trustees), were appointed Trustees of the property of Erie Lackawanna by the reorganization court.

Sometime in 1974, the Trustees entered into an agreement with the appellant to sell the appellant a 12.1 mile strip of land owned by Erie Lackawanna. In a petition filed on September 20, 1974, the Trustees asked the reorganization court for the authority to sell that strip of land to the appellant. In response to that petition, the reorganization court issued Order No. 297. Through that order, the reorganization court gave the Trustees the authority they sought. In the last paragraph of that order, the reorganization court reserved complete jurisdiction over the proceeds of the sale and the right to make such further orders as it might deem proper in regards to the subject matter of Order No. 297.

For some undetermined reason, the agreement between the Trustees and the appellant was never consumated. The answer to the question of why it was never consumated is not important for our purposes. The key fact, for purposes of this appeal, is simply that it was never consumated.

Sometime during 1977, the Trustees entered into an agreement with appellees Weidner and Romich to sell them approximately 33 miles of right of way owned by Erie Lackawanna. Included in that right of way was the strip of land the Trustees had originally agreed to sell to the appellant. The reorganization court gave the Trustees the authority to sell the right of way to Weidner and Romich in Order No. 641 dated July 14, 1977. As it did in Order No. 297, the reorganization court reserved complete jurisdiction over the proceeds of the sale and the right to make such further orders as it might deem proper in regard to the subject matter of the order.

On July 29, 1977, Weidner and Romich purchased the right of way from the Trustees.

Shortly thereafter, the appellant filed a complaint in equity against Weidner, Romich and the Trustees. On the basis of the facts we have just outlined, the appellant claimed that it, rather than Weidner and Romich, was entitled to ownership of the 12.1 mile strip of land that the appellant had originally agreed to purchase from the Trustees. The appellant asked the lower court to issue an order requiring Weidner and Romich to convey that strip of land to the appellant.

Preliminary objections to that complaint were filed by all four of the appellees.

The Trustees, in their preliminary objections, asserted that the lower court lacked subject matter jurisdiction. The assertion was based on two points. First, section 77(a) of The Bankruptcy Act gives the reorganization court exclusive jurisdiction over the property of Erie Lackawanna. Second, the reorganization court retained exclusive jurisdiction over the strip of land in question in both Order No. 297 and Order No. 641 by reserving the right to make any further orders it deemed necessary in regards to that strip of land.

Weidner and Romich, in their preliminary objections, failed to raise the question of subject matter jurisdiction. Instead, they demurred to the complaint and alleged that the appellant had failed to plead sufficient facts to prove compliance with the statute of frauds.

After argument on the various preliminary objections, the lower court determined that it lacked subject matter jurisdiction. The lower court then issued an order dismissing the appellant's complaint.

It is from that order that the appellant has brought this appeal.

The appellant has raised, in essence, only one issue in this appeal. That issue is: Does the grant of exclusive jurisdiction over the property of a bankrupt railroad under section 77(a) of The Bankruptcy Act apply to property after it has been sold during the reorganization proceedings?

The appellant has taken the position that it does not. To support this position, the appellant points out that section 77(a) of The Bankruptcy Act reads as follows: [T]he Court . . . . shall, during the pendency of the proceedings under this section and for the purposes thereof, have exclusive jurisdiction of the debtor and its property wherever located." The appellant argues that the language of that section limits the grant of exclusive jurisdiction to property that is owned by the debtor. Since the property in question in this matter has been sold by the debtor, the appellant contends that section 77(a) of The Bankruptcy Act does not apply to that property.

■ The appellant's argument is an incorrect statement of the law. There are instances where the exclusive jurisdiction of a reorganization court over the property of a bankrupt railroad extends to property that is no longer owned by the railroad. Those instances are where the effect of state court litigation would be to defeat or impair the reorganization court's jurisdiction. *American Brake Shoe & Foundry Company v. Interborough Rapid Transit Company*, 136 F.2d 681 (2nd Cir. 1943).

After examining the appellant's cause of action, we find that to permit the appellant to litigate its complaint in state court would defeat the jurisdiction of the reorganization court.

■ The basis for the appellant's cause of action arose out of a series of transactions that occurred while Erie Lackawanna still owned the strip of land in question and during the reorganization proceedings. Hence, it was the reorganization court's exclusive responsibility to determine the merits of the appellant's claim under section 77(a) of The Bankruptcy Act. If the appellant is permitted to litigate its claim in state court, it would mean that a party could avoid litigating a claim to property in the reorganization court system by merely waiting until a reorganization court had disposed of the property. Such a situation would nullify the exclusive jurisdiction of the reorganization court over the

property of a bankrupt railroad. More importantly, such a situation would severely handicap a reorganization court in its task of reorganizing bankrupt railroads. It would be almost impossible to find purchasers of such property, since the title they received under the decree of a reorganization court would be subject to challenge in state court. The risk would be too great.

We hold, therefore, that the lower court did not have subject matter jurisdiction over the claim raised by the appellant.

Finally, the court finds no error in the lower court's refusal to rule on the preliminary objections of Weidner and Romich. The lower court did not have the power to do so, since they lacked subject matter jurisdiction over the appellant's claim.

We affirm the lower court's ruling.